High Court of Errors and Appeals.   June 16, 1827.

*Ridgely's Notebook V, 296.*

### JOHN MURPHY and ANN DUFFEE v. ELLEN MURPHY,
### an Executor of Arthur Murphy.

Orphans' Court.   New Castle.   July 10, 1827.

*Ridgely's Notebook V, 307.*

*Hamilton* and *Read, Jr.,* for appellants.   *Bayard* for defend-ant.   .   .   .

Peter Johnson, a co-executor, was called by the appellants as a witness.   The executors had passed separate accounts.   This witness was not charged as having received money or goods not accounted for.   Respondent's counsel objected that he was not a competent [witness];   for whatever by his testimony he fixed on his co-executor, for so much he discharged himself, he being equally bound, in first instance, to receive and take care of the goods, money, etc. of the deceased;   and so he shifted the responsibility from himself by charging the executrix with the receipt of money and goods not accounted for by either.   The counsel for appellants did not reply to this argument.   Witness rejected.   .   .   .

Wednesday, July 11, 1927.

*Mr. Bayard* moves to dismiss the appeal on the ground of want of interest in John Murphy and Ann Duffee, two of the legatees of Arthur Murphy, the testator, in whose behalf the exceptions are filed. [As to the] last will of Arthur Murphy (November 4, 1825): First, the clause by which these appellants claim an interest is no part of the will. It is not signed nor sealed by testator; it is not a codicil, nor a nuncupative will. It is his declaration, after the will was executed, reduced to writing by witnesses, and not signed by testator. 4 Del.Laws 270, Act relative to wills. This is no revocation of the will. It is no part of his will. Act of Assembly not complied with. Second, this memorandum to the will has not been proved. 20 Johns, 502, 507.

*Mr. Hamilton* for the appellants. This is a transaction at the same time, and before same witnesses.

*George Read, Jr.,* for appellants. This will has been proved before the Register, and it cannot be incidentally questioned here. The only question is whether this memorandum has been proved with the will. The Register certifies it to be proved. The Register has furnished a copy of the will to the executors, attached to and connected with the letters testamentary.

Here THE CHANCELLOR recommended to the parties that the appeal should be dismissed by consent, without prejudice; which was agreed to, and the following order or decree was thereupon made:

This appeal coming on to be heard the 10th and 11th days of July, 1827, and the said accounts and exceptions being read, and the last will and testament of the said Arthur Murphy being read, and a motion made by the counsel of the respondents for the dismissal of the said appeal, on account of the want of interest in the appellants in said account, and the said motion being argued by the counsel of the said parties on both sides, it [is] ordered, adjudged and decreed by the Court, with the consent of the counsel on both sides, that the said appeal be dismissed without prejudice to the said appellants, or to either of them, in any suit that they, the said appellants, or either of them, may hereafter prosecute in any court of equity or of law, on account of any bequest, legacy, claim, devise or gift under the last will and testament of said Arthur Murphy, and without prejudice to them, said appellants, or to either of them, in any future exceptions which they or either of them may

take or file to any future or other account of the said Ellen Murphy, her executors or administrators.

And it is ordered by the Court that the costs of this appeal, as between the parties to said appeal, await the final decision of any suit either in equity or law which the said appellants or either of them may bring against the said Ellen Murphy, her executors or administrators, touching any such bequest, legacy, claim, devise or gift as aforesaid, but that the said parties pay their own proper costs to the clerk of this court, to the witnesses and others who may have costs against them, or either of them, without prejudice to any question of costs as between the parties to this appeal, in sixty days, or that an attachment issue.

The following is a copy of Arthur Murphy's will:

I, Arthur Murphy of the Borough of Wilmington in the County of New Castle and State of Delaware, being sick and weak in body, but of a sound mind and memory, blessed be Almighty God for all his mercies, do make and publish this my last will and testament in manner and form following, that is to say:

First, it is my mind and will that all my just debts and funeral expenses shall be paid as soon as convenient after my decease by my executors hereinafter mentioned.

Item. I give and bequeath to my beloved wife, Ellen Murphy after payment of debts and expenses as aforesaid all the residue of my estate, real and personal during her natural life.

Item. I give and bequeath to my two nephews, James Bryson and John Bryson, one hundred dollars each, to be paid to them after the decease of my said beloved wife and when they severally arrive to the age of twenty-one years, and also I give and bequeath a sufficient sum to bring them up and school them until they arrive at fifteen years of age.

Item. I give and bequeath to the Trustees of Saint Peter's Church in the Borough of Wilmington the sum of one hundred dollars to be paid to them within one year after the decease of my said beloved wife for the use of the said Church.

Item. My mind and will further is that at the decease of my said beloved wife, I give devise and bequeath one-half of my estate then remaining unto her heirs to hold to them their heirs and assigns forever. And the other half I give

devise and bequeath unto my heirs agreeably to law to hold to them their heirs and assigns forever.

Item.  I give and bequeath to the children of my brother John Murphy the sum of one hundred dollars each to be paid to them after the decease of my said beloved wife when they severally arrive to the age of twenty-one years.

Lastly, I do hereby nominate, constitute and appoint my said beloved wife executrix and my friend Peter Johnson executor of this my last will and testament hereby revoking annulling and making void all other will or wills by me at any time heretofore made, and declare this and no other to be my last will and testament.

In witness whereof I Arthur Murphy hath hereunto set my hand and seal the fourth day of November in the year of our Lord one thousand and eight hundred and twenty-five.

His

X        (Seal)

Mark

*Arthur Murphy*

Signed sealed published pronounced and declared by Arthur Murphy the testator as and for his last will and testament in the presence of us who subscribed our names as witnesses at his request in his presence and in the presence of each other.

*Frederick Leonard*
*Isaac Hendrickson*
*Patrick Higgins*
*James Morrison*

After signing the above it is the wish and will of Arthur Murphy that his brother John Murphy shall have two hundred dollars paid to him after all his just debts are paid and Ann Duffee two hundred dollars paid to her by my particular request.

Taken and acknowledged before us.

*Frederick Leonard*
*James Morrison*
*Patrick Higgins*

Probate made to Arthur Murphy's will (Copy of it): New Castle County, ss.:

Before me personally appeared Frederick Leonard, Esq. and Patrick Higgins two of the subscribing evidences to the within will who being solemnly sworn on the Holy

Evangels of Almighty God did severally say that they saw Arthur Murphy the testator by way of making his mark, sign and seal the said instrument of writing and heard him publish, pronounce and declare the same as and for his last will and testament; that at the time of his so doing he was to the best of their belief of a sound and disposing mind and memory; that it was at the request of the said testator in his presence and in presence of each other they subscribed their names thereto as witnesses, and at the same time saw Isaac Hendrickson and James Morrison subscribe their names thereto as other witnesses. In testimony whereof I have hereunto set my hand at New Castle the 10th day of November *Anno Domini* 1825.

*Evan H. Thomas*
Reg. Wills